UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEFFREY HAMM,

                      Plaintiff,

   -against-

THE CITY OF NEW YORK,
DETECTIVE EDRIAN IRIZARRY (SHIELD 6201),
and JOHN DOES 1-3,

                      Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **JEFFREY HAMM**, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, JEFFREY HAMM, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendant, DETECTIVE EDRIAN IRIZARRY (SHIELD 6201), was a duly sworn member of said department and was acting under the supervision of said department and according to his official duties. DEFENDANT DETECTIVE EDRIAN IRIZARRY (SHIELD 6201) is sued herein in his official and individual capacities.  At all times hereinafter mentioned, DEFENDANT DETECTIVE EDRIAN IRIZARRY (SHIELD 6201) was assigned to the Narcotics Borough Manhattan South division of the NYPD.

2

10. At all times hereinafter mentioned, the individually named defendants, JOHN DOES 1-3, were duly sworn members of said department and were acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

14. On May 15, 2014, at approximately 5:00 p.m., Plaintiff JEFFREY HAMM was present inside of Washington Square Park, in the County of New York, City and State of New York.

15. At that time and place, the Defendants arrived on duty and in plain clothes.

16. Defendant John Doe #1 approached the Plaintiff without identifying himself as a police officer, and attempted to grab the Plaintiff.

17. In response, Plaintiff asked Defendant John Doe #1 "What are you doing?"

18. Without warning, explanation, or justification, Defendant Irizarry then struck Plaintiff in the back of the head, causing him to fall to the ground.

19. Each of the individual Defendants then proceeded to kick, hit, and punch Plaintiff on his body and head, causing him to sustain numerous injuries including lacerations and a fractured scapula.

20. During Plaintiff's beating, the Defendants did not identify themselves as members of the NYPD, nor did they advise Plaintiff that he was under arrest.

21. The Plaintiff was not engaged in any violent or threatening behavior.

22. It was objectively unreasonable for the Defendants to assault Plaintiff and to use any level of force against him, much less the force they actually used.

23. Plaintiff was placed in handcuffs and was formally arrested.

24. Defendants then transported Plaintiff to the emergency room of a local area hospital so that Plaintiff could be treated for the injuries he sustained at the hands of the Defendants.

25. At the hospital, while still in the custody of the Defendants, Plaintiff was diagnosed with several injuries as a result of the interaction with the Defendants, including a fractured scapula.

26. As a result of the foregoing, Plaintiff Jeffrey Hamm sustained, *inter alia*, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

27. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. Section 1983.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacitates as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted custom, usage, practice, procedure or rule of respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

32. Plaintiff JEFFREY HAMM repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

33. As a result of the Defendants' conduct, Plaintiff was subjected to illegal, improper and excessive force, and caused to sustain serious and permanent physical injuries, including, but not limited to, a fractured scapula, without any legal justification.

34. As a result of the foregoing, Plaintiff's liberty was restricted, he was put in fear for his safety, and he was subjected to excessive force without any legal justification.

## SECOND CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

35. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

36. Defendants used excessive force against plaintiff JEFFREY HAMM, in the absence of any legal justification to do so, notwithstanding their knowledge that said force was unnecessary

and unconstitutional, and would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

37. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

40. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. using excessive force against individuals;

   ii. using force against individuals where it is not necessary;

   iii. falsifying evidence and testimony to support the use of excessive force;

   iv. falsifying evidence and testimony to cover up police misconduct.

6

41. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, JEFFREY HAMM.

42. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

44. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, Plaintiff was beaten and subjected to excessive force.

45. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

46. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

47. All of the foregoing acts by defendants deprived Plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendants on each of the foregoing causes of action as follows:

   i.   an order awarding compensatory damages in an amount to be determined at trial;

    ii.      an order awarding punitive damages in an amount to be determined at trial;

    iii.     reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.     directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
        December 3, 2016

                      Respectfully submitted,

                      **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                      *Counsel for the Plaintiff*

                      /s/
By:    JESSICA MASSIMI (JM-2920)
        32 Old Slip, 8th Floor
        New York, New York 10005
        (212) 962-1020